UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| COKER & ASSOCIATES OF SC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMIT FREIGHT INTERNATIONAL, INC.; AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS; ARL LOGISTICS, LLC; and WARNESS JENKINS,<br><br>    Defendants. | Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants American Carrier Transport, LLC d/b/a WCE Trans and ARL Logistics, LLC ("Defendants") remove this action from the State Court of Chatham County, Georgia, Case No. STCV25-03589, to the United States District Court for the Southern District of Georgia, Savannah Division. Removal is proper under the foregoing statutes because this is a civil action arising under the Constitution, laws, or treaties of the United States over which this Court has original jurisdiction. The requisite "short and plain statement of the grounds for removal," per 28 U.S.C. § 1446(a), follows:

### A. Procedural Status of the Case

1.      On November 14, 2025, Coker & Associates of SC, LLC ("Plaintiff") commenced a lawsuit in the State Court of Chatham County, Georgia, captioned *Coker & Associates of SC, LLC v. Summit Freight International, Inc.; American Carrier Transport, LLC d/b/a WCE Trans; ARL Logistics, LLC; and Warness Jenkins*, Case No. STCV25-03589 (hereinafter, "State Court Case"). Copies of all pleadings and other documents that were previously filed in the State Court Case are attached hereto as **Exhibit A** as required by 28 U.S.C. § 1446(a).

2.      Plaintiff alleges that Defendants are liable for the loss of a "high-value textile machine," ("machine") during an "over-the-road transport." Compl. ¶1.

3.      Specifically, Plaintiff alleges that it engaged with Defendant Summit Freight International, Inc. ("Summit") to transport the machine from Sugar Valley, Georgia, to the Port of Savannah and that Summit selected Defendants to perform the over-the-road transportation within Georgia. *Id.* ¶10–11.

4.      Plaintiff further alleges that during the transport of the machine to the Port of Savannah, Defendant Warness Jenkins ("Jenkins") "lost control of the tractor-trailer," resulting in "catastrophic damage." *Id.* ¶26, 30.

5.      Plaintiff alleges that Defendants are liable for damages to the machine (which Plaintiff alleges is valued "in excess of $100,000"), *id*. ¶9, as well as other resulting damages due to Defendants' alleged breach of a contract of carriage;

HB: 4932-5212-9409.3

negligence in operating a commercial vehicle; negligence per se; breach of bailment duties; failures to exercise extraordinary diligence as a common carrier; and negligence in hiring, training, supervising, and entrusting Defendant Warness Jenkins. *Id.* ¶ 50–96.

6.  Plaintiff's allegations trigger the application of the Carmack Amendment to the Interstate Transportation Act, 49 U.S.C. § 1706 *et seq.,* and the Carmack Amendment completely preempts Plaintiff's state and common law claims.

7.  Thus, Defendants properly invoke this Court's federal-question jurisdiction as the underlying State Court action raises a federal question under the Carmack Amendment, thereby conferring jurisdiction under 28 U.S.C. § 1331.

**B. Plaintiff's Claims Give Rise to Federal-Question Jurisdiction**

8.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Federal-question jurisdiction is properly invoked when a plaintiff's claim is founded on federal law or completely preempted by federal law. *Community State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 ("Complete preemption creates federal subject-matter jurisdiction over completely preempted state-law claims, allowing for removal to federal court") (11th Cir. 2011).

9.  Plaintiff's claims against Defendants give rise to federal-question jurisdiction because the breach of contract claim, negligence claims, breach of

HB: 4932-5212-9409.3

bailment claim, and failure to exercise extraordinary diligence claim are state-law based causes of action stemming from the loss or damage of goods arising from the interstate or international transportation of those goods by a common carrier. Compl. ¶ 50–96. All such claims are completely preempted by the Carmack Amendment. 49 U.S.C. § 14706(a)(1); 49 U.S.C. § 13501(1)(E); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002) ("Carmack Amendment preemption embraces all of these [state law] claims because it embraces all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation") (citation and quotation marks omitted); *see also UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.,* 750 F.3d 1282, 1289 (11th Cir. 2014) ("The Carmack Amendment embraces all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . . . State laws are preempted when they conflict with federal law") (citation and quotation marks omitted); *Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.*, 213 F.3d 1118, 1119–20 (9th Cir. 2000) (holding that the Carmack Amendment "determines carrier liability for transportation in the United States between a place in the United states and a place in a foreign country") (citation and quotation omitted).

10. The Carmack Amendment and its complete preemption to state claims applies to carriers "providing transportation or service subject to the jurisdiction [of 49 U.S.C. § 13501]." 49 U.S.C. § 14706(a)(1).

HB: 4932-5212-9409.3

11.     Courts have original jurisdiction over Carmack Amendment cases exceeding $10,000 in controversy exclusive of interest and costs. 28 U.S.C. §§ 1337(a), 1445(b).

12.     Here, Plaintiff seeks to recover at least $100,000 in damages to the machine, Compl. ¶¶9, 38, which exceeds the minimum jurisdictional value of $10,000, as required by 28 U.S.C. §§ 1337(a) and 1445(b).

13.     Furthermore, Plaintiff's claims are subject to the jurisdiction of 49 U.S.C. § 13501 because motor carriers transporting property "between a place in the United States and a place in a foreign country" are explicitly within the jurisdiction of the Carmack Amendment. 49 U.S.C. § 13501(1)(E).

14.     Plaintiff alleges that the machine was an "over-the-road transport from Sugar Valley, Georgia to the Port of Savannah." Compl. ¶1. Plaintiff fails to note the machine's final destination. Compl. ¶¶10, 11, 20. The machine's final destination is a material fact that is purposefully ambiguous due to Plaintiff's artful pleading.

15.     To clarify Plaintiff's ambiguous pleading, the Court should incorporate by reference the "supporting documentation" that Plaintiff refers to in its Complaint. Compl. ¶32.

16.     Plaintiff's "supporting documentation" reveals that the machine was sold and invoiced to an address in Panipat, Haryana, India. Compl. ¶32, **Exhibit B-1**. Additionally, the Pickup & Delivery Order indicates that the Port of Discharge

would be "Mundra (India)." **Exhibit B-2**. Thus, the machine's transport from Sugar Valley, Georgia, to the Port of Savannah was only one leg of the machine's transport—India was the machine's final destination.

17.    Because the machine's transportation was "between a place in the United States and a place in a foreign country," the Carmack Amendment applies. 49 U.S.C. § 13501(1)(E); *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697, 699 (11th Cir. 1986) (noting that the Carmack amendment applies to shipments that take place between the United States and a foreign country); *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 75 (2d Cir. 2001) ("[T]he Carmack Amendment applies throughout the entire portion of the shipment taking place within the United States, including intrastate legs of the shipment."); *Neptune*, 213 F.3d at 1119–20 (clarifying that the Carmack Amendment applies to the "inland leg of an overseas shipment").

18.    Even though Plaintiff does not explicitly reveal the machine's final destination, or invoke the Carmack Amendment, Plaintiff's artful pleading should not overcome Congressional intent for the Carmack Amendment to preempt state law claims. *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 21-10410, 2023 WL 3454614, at *3 (11th Cir. May 15, 2023) ("[P]laintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1310 n.11 (11th Cir. 2020); *Engelhardt v. Paul*

*Revere Life Ins. Co.*, 139 F.3d 1346, 1354 n.11 (11th Cir. 1998); *Syfan Logistics, Inc. v. DTL Transportation, Inc*., No. 2:20-CV-0080-SCJ, 2021 WL 9699490, at *3 (N.D. Ga. Dec. 7, 2021); *United Parcel Serv.*, 296 F.3d at 1246 ("The Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods.") (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 506 (1913)).

19.     Therefore, removal of this action to this Court is permissible under 28 U.S.C. §§ 1337(a), 1441, and 1445(b) in that it is a civil action to recover damages for the alleged delay, loss, or injury of shipments arising under the Interstate Commerce Act, which is completely preempted by federal law, and the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs.

## C. This Notice of Removal is Timely Filed

20.     A notice of removal must be filed within 30 days of the defendant receiving the initial pleading or summons, whichever comes first. 28 U.S.C. § 1446(b).

21.     This notice of removal is timely because Defendant ARL Logistics, LLC was served on December 1, 2025, making the deadline for removal December 31, 2025. Defendant American Carrier Transport, LLC d/b/a WCE Trans has not yet been served; thus, the 30-day deadline for removal has not yet begun to run as to this defendant.

HB: 4932-5212-9409.3

**D. All Other Prerequisites for Removal Have Been Satisfied**

22.    The State Court Case is pending within this district and division. Therefore, removal to this Court is proper. 28 U.S.C. § 1446(a).

23.    Written notice of the filing of this Notice of Removal will be given to all parties and a copy of the same will be filed with the Clerk of the State Court of Chatham County, Georgia, as required by 28 U.S.C. § 1446(d). **Exhibit C.**

24.    Defendants dispute Plaintiff's allegations and deny that Plaintiff is entitled to judgment against them. Defendants voluntarily appear in this action for purposes of removal, but reserve all objections, arguments, and defenses to Plaintiff's complaint. A timely responsive pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

WHEREFORE, Defendants respectfully remove the State Court Case to the United States District Court for the Southern District of Georgia, Savannah Division.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HB: 4932-5212-9409.3

Dated:  December 30, 2025                SCH BLACKWELL LLP

                                         */s/ Jonathan Porter*
                                         Jonathan A. Porter
                                         Georgia Bar No. 725457
                                         1801 Pennsylvania Ave., NW
                                         Suite 1000
                                         Washington, DC 20006
                                         Tel. 202.378.5356
                                         Fax 202.378.2319

                                         Aaron C. Schepler (*pro hac vice
                                         forthcoming*)
                                         2415 E. Camelback Road, Suite 500
                                         Phoenix, Arizona 85016-4288
                                         Tel. 480.824.7890
                                         Fax 480.824.7905

                                         *Attorneys for American Carrier
                                         Transport, LLC d/b/a WCE Trans* and
                                         *ARL LOGISTICS, LLC*

HB: 4932-5212-9409.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of December 2025, I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 30, 2025 at Phoenix, Arizona.


*/s/ Erin Brong*
Erin Brong

HB: 4932-5212-9409.3