# EXHIBIT A

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___CHATHAM___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___11/14/2025___ <br> **MM-DD-YYYY** | Case Number ___STCV25-03589___ |

**Plaintiff(s)**
COKER & ASSOCIATES OF SC, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Summit Freight International, Inc.;

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| American Carrier Transport, LLC d/b/a WCE Trans; | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ARL Logistics, LLC; and | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Warness Jenkins | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Wayne M. Cartwright   **State Bar Number** 257328   **Self-Represented** ☐
Keri M. Martin                      679803

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                      **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| COKER & ASSOCIATES OF SC, LLC, | |
| *Plaintiff,* | |
| v. | |
| SUMMIT FREIGHT INTERNATIONAL, INC.; AMERICAN CARRIER TRANSPORT, LLC D/B/A WCE TRANS; ARL LOGISTICS, LLC; AND WARNESS JENKINS, | Civil Action No. STCV25-03589 |
| *Defendants.* | |

## COMPLAINT

Plaintiff, Coker & Associates of SC, LLC a South Carolina company ("Coker"), by and through its undersigned counsel, hereby files this Complaint for Compensatory Damages, and Attorney's Fees against Defendants Summit Freight International, Inc. ("Summit"); American Carrier Transport, LLC d/b/a WCE Trans ("ACT" or "WCE"); ARL Logistics, LLC ("ARL") and Warness Jenkins ("Jenkins"):

## INTRODUCTION

1.      This case arises from Defendants' failure to honor a straightforward carriage and delivery obligation for a high-value textile machine. Coker & Associates of SC, LLC—a Greenville-based firm trusted to source and resell industrial equipment—engaged Summit Freight International, Inc. to arrange over-the-road transport from Sugar Valley to the Port of Savannah. Summit tendered the load to American Carrier Transport, LLC and ARL Logistics, LLC, which acted together as a joint-enterprise motor carrier, accepted the machine in good order under a Straight Bill of Lading, and put driver Warness Jenkins behind the wheel. The tractor-trailer

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

overturned before delivery, destroying the cargo. For more than a year since, Defendants—principally through ACT and ARL's insurer, Travelers—have responded with shifting excuses and materially inadequate offers, rather than paying the machine's value and the foreseeable incidental and consequential losses.

## PARTIES, JURISDICTION, AND VENUE

2.      Coker is a resident of the state of South Carolina and willingly submits itself to the jurisdiction of this Court.

3.      Summit is a corporation registered to do business in Georgia and transacting business in this State. Summit may be served through its registered agent, Weihong Shu, 3213 South Cherokee Lane, Suite 1720, Woodstock, Georgia 30188.

4.      ACT is a Pennsylvania limited liability company that conducts motor-carrier operations involving shipments to and within Georgia, including the shipment at issue. ACT does business as "WCE Trans." ACT may be served through its BOC-3 process agent in Georgia, AA Agents of Process, Attn: R. Kelley Minter, 5318 Railroad Avenue, Flowery Branch, Georgia 30542.

5.      ARL is a Pennsylvania limited liability company that, for the shipment at issue, acted as a carrier principal and participated in a joint enterprise with ACT. ARL is not sued here in any broker capacity. ARL may be served through its BOC-3 process agent in Georgia, United States Corporation Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.      The Court has personal jurisdiction over each Defendant because each transacted business in Georgia and/or committed acts or omissions in Georgia giving rise to these claims, and the claims arise from those contacts.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

7.      Venue is proper in this Court because the collision and resulting property damage occurred in Chatham County, Defendant Jenkins resides in Chatham County, and a substantial part of the events giving rise to the claims occurred here.

## FACTS COMMON TO ALL COUNTS

8.      Coker is a Greenville-based firm that buys and sells pre-owned textile machinery and parts and provides related technical, decommissioning, liquidation, and appraisal services to the textile industry.

9.      The shipment at issue was a high-value industrial textile machine (valued in excess of $100,000) scheduled for pickup at Mohawk's Sugar Valley Plant and delivery to the Port of Savannah.

10.     On August 22, 2024, Summit agreed to arrange over-the-road transportation of Coker's machine from Sugar Valley, Georgia to the Port of Savannah.

11.     In carrying out that engagement, Summit selected ACT and ARL to perform the transportation within Georgia, and tendered the load to them for carriage.

12.     ACT is a motor carrier.

13.     ARL is a motor carrier.

14.     ACT and ARL acted together as a joint-enterprise motor carrier for this shipment, sharing control of dispatch, safety, carriage, and equipment and holding themselves out collectively to perform the motor-carrier services described herein (the "Joint-Enterprise Carrier").

15.     The Joint-Enterprise Carrier provided the tractor-trailer and driver for the shipment.

16.     The Joint-Enterprise Carrier issued the Straight Bill of Lading – Short Form at pickup.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

17.    The Joint-Enterprise Carrier accepted physical custody of the machine at the Sugar Valley origin.

18.    The Joint-Enterprise Carrier undertook to carry and deliver the machine to the Port of Savannah.

19.    Jenkins was the commercial driver operating the tractor-trailer for the Joint-Enterprise Carrier.

20.    On August 23, 2024, the Joint-Enterprise Carrier accepted custody of the machine at the Sugar Valley origin and, through driver Warness Jenkins, issued a Straight Bill of Lading identifying Coker & Associates of SC, LLC – Mohawk Plant, 3090 Sugar Valley Rd., Sugar Valley, GA as shipper and origin, and Savannah Port as consignee and destination, and stating that the movement would proceed under Uniform Straight Bill of Lading terms.

21.    Coker tendered the machine to the Joint-Enterprise Carrier in good order and condition.

22.    The Joint-Enterprise Carrier acknowledged receipt of the machine in that condition.

23.    Before pickup, neither ACT nor ARL provided Coker with any written notice that they sought to limit cargo liability outside the Straight Bill of Lading.

24.    Before pickup, neither ACT nor ARL provide Coker any reasonable opportunity to choose between different levels of carrier liability or to purchase higher liability protection through a rate election.

25.    The movement from Sugar Valley to Savannah was to be performed over the public highways of Georgia using a tractor-trailer suitable for heavy industrial equipment.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

26.     On September 3, 2024, while transporting the machine toward the Port of Savannah, Jenkins lost control of the tractor-trailer in a curve, entered the opposite lane of travel, and the unit overturned.

27.     The responding law-enforcement officer determined that Jenkins was at fault for the wreck.

28.     The responding law-enforcement officer issued Jenkins a citation for failure to maintain lane and a warning for driving too fast for conditions.

29.     The wreck occurred before the shipment reached the Port of Savannah and before delivery into the custody of the consignee identified on the Straight Bill of Lading.

30.     The machine sustained catastrophic damage in the wreck and was later determined to be a total loss by independent experts retained by the carriers' insurer.

31.     The machine's fair market value at the time of tender and carriage exceeded $100,000.

32.     Coker promptly notified ACT and ARL of the loss and submitted a cargo claim with supporting documentation through their insurer and claims agent, Travelers.

33.     For more than a year following the September 3, 2024 wreck, Coker has repeatedly requested payment of the value of the destroyed machine.

34.     During that period, ACT and ARL, acting through Travelers, have provided a series of shifting and unjustified excuses for nonpayment.

35.     Likewise, ACT and ARL, through Travelers, have advanced settlement offers that are materially inadequate.

36.     Indeed, the most ACT and ARL have ever offered amounts to significantly less than one-half of the machine's value.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM - Clerk of Court

37.    Despite Coker's repeated requests and submission of supporting materials, no Defendant has paid the value of the destroyed machine or otherwise made Coker whole.

38.    In addition to the value of the machine, Coker incurred, and continues to incur, incidental and consequential damages, including lost resale profits and business expectancy associated with the planned disposition of the machine, as well as freight, handling, towing, storage, salvage, inspection, and related out-of-pocket costs.

39.    Coker has also incurred interest, costs of suit, and reasonable attorneys' fees and expenses associated with pursuing recovery for the loss and seeks prejudgment and postjudgment interest as allowed by law.

## COUNT I:  BREACH OF CONTRACT
### (Summit)

40.    Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

41.    On August 22, 2024, Coker and Summit entered into a binding contract under which Summit agreed to arrange over-the-road transportation of Coker's textile machine from Sugar Valley, Georgia to the Port of Savannah.

42.    Material terms, express and implied-in-fact through course of dealing and usage of trade, included that Summit would:

   a.   timely secure, arrange, and coordinate motor-carrier services to pick up the machine at Mohawk's Sugar Valley Plant and deliver it to the Port of Savannah; and

   b.   communicate and present all material carriage terms to Coker, including any proposed limitations of cargo liability or valuation, and obtain Coker's assent to any such terms before tender;

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

43.     Coker fully performed or stood ready, willing, and able to perform its obligations, including tendering the machine in good order and paying the applicable transportation charges.

44.     Summit breached the contract by tendering the shipment to the Joint-Enterprise Carrier without first disclosing to Coker any limitation of cargo liability outside the Straight Bill of Lading or obtaining Coker's assent to any limitation or released value.

45.     Summit breached the contract by failing to offer Coker a meaningful choice of liability levels or valuation in connection with the arranged carriage.

46.     Summit breached the contract by failing to arrange and coordinate carriage with a properly qualified motor carrier in a manner consistent with industry standards and the parties' agreement, resulting in non-delivery to the Port of Savannah.

47.     Summit breached the contract by failing to ensure that the material terms of the arranged carriage, including delivery to the Port of Savannah as consignee, were accurately conveyed and implemented by the carrier it selected.

48.     Summit's breaches caused Coker to suffer damages that were contemplated by the parties and reasonably foreseeable at the time of contracting.

49.     As a direct and foreseeable result of Summit's breaches, Coker has sustained damages including, without limitation: the value of the textile machine (in excess of $100,000); incidental and consequential damages such as lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs; together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses to the extent permitted by law and to be decided by a jury.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

## COUNT II:  BREACH OF CONTRACT OF CARRIAGE
### (ACT and ARL as Joint-Enterprise Carrier)

50.     Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

51.     The Straight Bill of Lading – Short Form issued at pickup is a contract of carriage under which ACT and ARL acting together as a joint-enterprise motor carrier agreed to receive, carry, safeguard, and deliver Coker's textile machine from Sugar Valley, Georgia to the Port of Savannah.

52.     Material terms, express and implied by the Straight Bill of Lading and industry custom, included obligations that ACT and ARL would:

  a.  accept the machine in the condition tendered and deliver it to the named consignee at the Port of Savannah;

  b.  exercise ordinary and contractual carriage duties to protect the cargo from damage while in their custody and control;

  c.  perform the movement using properly equipped, staffed, and operated equipment; and

  d.  disclose and obtain Coker's assent to any proposed limitation of cargo liability prior to pickup.

53.     Coker fully performed its obligations or was ready, willing, and able to perform, including tendering the machine in good order and condition for carriage.

54.     ACT and ARL breached the contract of carriage by failing to deliver the machine to the consignee at the Port of Savannah and by allowing the cargo to be destroyed while in their custody and control.

55.    ACT and ARL further breached by failing to disclose, present, or obtain Coker's assent to any limitation of liability outside the Straight Bill of Lading, and by failing to offer Coker any meaningful choice between levels of carrier liability before pickup.

56.    As a result of these breaches, Coker suffered damages including, without limitation: the value of the machine (in excess of $100,000); incidental and consequential damages such as lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs; together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as allowed by law and to be decided by a jury.

### COUNT III:  NEGLIGENT OPERATION OF COMMERCIAL VEHICLE
### (Jenkins and ACT and ARL as Joint-Enterprise Carrier)

57.    Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

58.    At all relevant times, Jenkins owed a duty to operate the tractor-trailer with ordinary care, including maintaining proper lane position and control, traveling at a safe speed for conditions, keeping a proper lookout, and operating the vehicle so as to avoid foreseeable harm to persons and property.

59.    At all relevant times, Jenkins was acting within the course and scope of his agency and/or employment for ACT and ARL, which acted together as a joint-enterprise motor carrier for the shipment and had the right to direct and control Jenkins's work.

60.    ACT and ARL are therefore vicariously liable for Jenkins's negligent acts and omissions under respondeat superior and joint-enterprise principles.

61.    Jenkins breached his duty of ordinary care, including by:

   a.   failing to maintain his lane of travel;

   b.   traveling too fast for roadway and traffic conditions;

c.  failing to keep the tractor-trailer under proper control while negotiating a curve;

d.  crossing into the opposite lane of travel;

e.  overturning the tractor-trailer and cargo; and

f.  otherwise failing to exercise ordinary care in the operation of a commercial motor vehicle.

62.     As a direct and proximate result of Jenkins's negligence, the tractor-trailer overturned before delivery to the consignee at the Port of Savannah, and Coker's textile machine sustained catastrophic damage and was a total loss.

63.     ACT and ARL, as the joint-enterprise motor carrier that furnished the equipment, driver, dispatch, and safety control for this shipment, are jointly and severally liable for Jenkins's negligence under respondeat superior and joint-enterprise doctrines.

64.     Coker's damages include, without limitation, the value of the machine (in excess of $100,000); incidental and consequential damages (including lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs); together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as permitted by law and to be decided by a jury.

## COUNT IV:  NEGLIGENCE PER SE
### (Jenkins and ACT and ARL as Joint-Enterprise Carrier)

65.     Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

66.     At all relevant times, Jenkins was operating a commercial motor vehicle on Georgia public roadways and was required to comply with applicable Georgia traffic laws and motor-carrier safety regulations.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

67.     Jenkins violated one or more safety statutes and regulations designed to protect the public and property, including without limitation:

    a.  O.C.G.A. § 40-6-53 (as cited in the crash report);

    b.  O.C.G.A. § 40-6-48 (driving within a single lane / failure to maintain lane);

    c.  O.C.G.A. § 40-6-180 (too fast for conditions);

    d.  49 C.F.R. § 392.2 (requiring compliance with state and local laws); and

    e.  49 C.F.R. § 392.14 (extreme caution in hazardous conditions).

68.     Jenkins's violations constitute negligence per se.

69.     At all relevant times, ACT and ARL acted together as a joint-enterprise motor carrier for this shipment, furnished the equipment and dispatch, and had the right to control Jenkins's work.

70.     ACT and ARL are therefore vicariously liable for Jenkins's negligence per se.

71.     Independently and additionally, ACT and ARL, as the joint-enterprise motor carrier, had non-delegable duties to require compliance with the federal motor-carrier safety regulations and to implement and enforce safe operation and dispatch. Their failure to require and ensure compliance—including compliance with the provisions identified above—constitutes negligence per se and/or negligence.

72.     As a direct and proximate result of the violations described above, the tractor-trailer overturned before delivery to the consignee at the Port of Savannah and Coker's textile machine was destroyed.

73.     Coker's damages include, without limitation: the value of the machine (in excess of $100,000); incidental and consequential damages including lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs;

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as permitted by law and to be decided by a jury.

### COUNT V:  BAILMENT/LOSS OF BAILED GOODS
**(ACT and ARL as Joint-Enterprise Carrier)**

74.     Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

75.     On August 23, 2024, Coker delivered and bailed a high-value textile machine to ACT and ARL, acting together as a joint-enterprise motor carrier, at the Sugar Valley origin for the specific purpose of carriage and redelivery to the named consignee at the Port of Savannah.

76.     At the time of tender, the machine was in good order and condition, and ACT and ARL acknowledged receipt of the machine in that condition.

77.     ACT and ARL accepted custody and control of the machine and thereby became bailees for hire (and common carriers for hire) owing duties of care with respect to the machine while it was in their possession.

78.     As bailees and common carriers for hire, ACT and ARL had non-delegable duties to safeguard the machine, to exercise at least ordinary care (and, as common carriers, extraordinary diligence) for its protection, and to deliver the machine in like good order and condition to the named consignee.

79.     While the machine was in the exclusive custody and control of ACT and ARL, the tractor-trailer operated for the shipment overturned before reaching the Port of Savannah, and the machine sustained catastrophic damage and was not delivered to the consignee.

80.     The foregoing constitutes a breach of the bailees' duties by ACT and ARL, including failing to safeguard the machine while in their custody and failing to redeliver the machine in like good order and condition.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

81.     As a direct and proximate result of the breach of bailment duties, Coker suffered damages including, without limitation: the value of the machine (in excess of $100,000); incidental and consequential damages (including lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs); together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as permitted by law and to be decided by a jury.

### COUNT VI:  FAILURE TO EXERCISE EXTRAORDINARY DILIGENCE AS A COMMON CARRIER
**(ACT and ARL as Joint-Enterprise Carrier)**

82.     Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

83.     ACT and ARL undertook, for hire, to transport Coker's textile machine from Sugar Valley, Georgia to the Port of Savannah, issued the Straight Bill of Lading at pickup, furnished the tractor-trailer and the commercial driver, and accepted custody and control of the machine for carriage.

84.     By undertaking that carriage, ACT and ARL acted as common carriers for hire, and owed Coker a non-delegable duty to exercise extraordinary diligence to protect the machine in their custody and to deliver it in like good order and condition to the named consignee.

85.     At all relevant times, ACT and ARL acted together as a joint-enterprise motor carrier and each is liable for the acts and omissions of the other and of the driver within the scope of the enterprise.

86.     ACT and ARL failed to exercise extraordinary diligence in connection with the shipment, including by:

a.  providing or operating equipment and dispatch in a manner that allowed the tractor-trailer to lose control and overturn before delivery;

b.  failing to ensure that the driver maintained lane position, controlled speed for roadway conditions, and safely negotiated curves; and

c.  failing to implement and enforce carrier-level safety oversight sufficient to prevent the loss while the cargo was in their exclusive custody.

87.    As a direct and proximate result of the failure to exercise extraordinary diligence, the machine was not delivered to the consignee and was destroyed while in the custody and control of ACT and ARL.

88.    Coker's damages include, without limitation, the value of the machine (in excess of $100,000); incidental and consequential damages including lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs; together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as permitted by law and to be decided by a jury.

## COUNT VII:  NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, AND ENTRUSTMENT
### (ACT and ARL as Joint-Enterprise)

89.    Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

90.    ACT and ARL acted together as a joint-enterprise motor carrier for the shipment, selected and furnished the commercial driver, and had the right to direct and control his work.

91.    As motor carriers for hire, ACT and ARL owed duties of reasonable care to hire, qualify, train, supervise, monitor, and retain only competent commercial drivers; to entrust commercial motor vehicles and heavy industrial cargo only to such drivers; and to implement and

enforce safety programs and practices consistent with industry standards and the federal motor-carrier safety regulations, including but not limited to Parts 391 (driver qualification), 395 (hours of service), and 396 (inspection, repair, and maintenance).

92.    ACT and ARL breached these duties, including by:

a.  failing to properly screen and qualify driver Jenkins before entrusting him with a loaded tri-axle tractor-trailer;

b.  failing to obtain and review complete driver-qualification and safety-performance information, prior employer inquiries, and motor-vehicle records;

c.  failing to provide adequate training and supervision regarding lane control, speed management, curve negotiation, and operation of a heavy combination vehicle under prevailing conditions;

d.  failing to monitor and enforce compliance with hours-of-service, dispatch, and route-planning practices appropriate to the load;

e.  failing to implement and enforce carrier-level safety policies and practices sufficient to prevent the loss; and

f.  entrusting the tractor-trailer and the shipment to Jenkins when they knew or, in the exercise of ordinary care, should have known he was not sufficiently trained, supervised, or fit to operate safely under the circumstances.

93.    Jenkins's loss of lane control and overturn occurred while he was acting within the course and scope of the joint enterprise.

94.    ACT and ARL are therefore jointly and severally liable for the negligent hiring, retention, training, supervision, monitoring, and entrustment described above.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

95.    As a direct and proximate result of these breaches of duty, the shipment was not delivered to the consignee and the textile machine was destroyed before reaching the Port of Savannah.

96.    Coker's damages include, without limitation, the value of the machine (in excess of $100,000); incidental and consequential damages including lost resale profits and business expectancy, freight, handling, towing, storage, salvage, inspection, and other out-of-pocket costs; together with prejudgment and postjudgment interest, costs of suit, and reasonable attorneys' fees and expenses as permitted by law and to be decided by a jury.

## COUNT VIII:  ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11

97.    Coker incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

98.    Shortly after the September 3, 2024 wreck, and for more than a year, Coker has repeatedly demanded payment of the value of the destroyed textile machine (in excess of $100,000).

99.    ACT and ARL, acting together as a joint-enterprise motor carrier, through their insurer and claims agent, Travelers, have refused to pay the value of the machine and have engaged in stubborn litigiousness, including by:

   a.    advancing shifting and unsupported excuses for nonpayment despite accepting custody under a Straight Bill of Lading and acknowledging pickup in good order and condition;

   b.    asserting purported limitations or tariff-based defenses that were never disclosed to, or assented to by, Coker before pickup; and

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM
- Clerk of Court

    c.    making materially inadequate settlement offers, including offers for amounts less than one-half of the machine's value.

100.    Summit has likewise refused to resolve Coker's contract claim arising from the shipment Summit arranged, despite notice and opportunity to do so.

101.    Defendants' continued refusal to pay has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

102.    Pursuant to O.C.G.A. § 13-6-11, Coker is entitled to recover its expenses of litigation, including reasonable attorneys' fees and costs, to be proven at trial, together with prejudgment and postjudgment interest as allowed by law and to be decided by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Coker and Associates of SC, LLC, prays as follows:

(i)    That Coker have judgment on Counts I through VIII of the Complaint;

(ii)    That Coker have trial by jury on all issues so triable;

(iii)    That the Court award Coker all actual damages, compensatory damages, fees, and costs allowed by law, as determined at trial;

(iv)    That the Court award Coker prejudgment and postjudgment interest to the fullest extent allowed by law;

(v)    That the Court award Coker its expenses of litigation, including reasonable attorneys' fees and costs incurred pursuant to O.C.G.A. § 13-6-11; and

(vi)    That the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of November 2025.

*/s/ Wayne M. Cartwright*
Wayne M. Cartwright
Georgia Bar No. 257328

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

wcartwright@hgrslaw.com
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com

**HALL, GILLIGAN, ROBERTS
& SHANLEVER LLP**
3340 Peachtree Road NE, Suite 1900
Atlanta, Georgia 30326
Phone: (404) 442-8776
Facsimile: (404) 537-5555

*Attorneys for Plaintiff*
*Coker & Associates of SC, LLC*

# In The State Court of Chatham County

**400 W. Oglethorpe Ave., Ste. 127, Savannah, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

| | |
|---|---|
| **COKER & ASSOCIATES OF SC, LLC,** | |
| Plaintiff | STCV25-03589 |
| | **Case Number** |

**Vs**

| | |
|---|---|
| **SUMMIT FREIGHT INTERNATIONAL, INC.,; AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS; ARL LOGISTICS, LLC; and WARNESS JENKINS,** | Address of Defendant |
| | ARL LOGISTICS, LLC c/o United States Corporation Company, BOC-3 Process Agent 2 Sun Court, Suite 400 Peachtree Corners, GA 30092 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: ARL Logistics, LLC

Defendant's Address 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Wayne M. Cartwright and Keri M. Martin
Hall, Gilligan, Roberts & Shanlever, LLP
3340 Peachtree Road NE, Suite 1900
Atlanta, Georgia 30326

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*CLERK OF COURT*
*State Court of Chatham County*

/s/ Kelliaun Hall

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk



27. Summons  05-08-2025

# In The State Court of Chatham County

RECEIVED FOR FILING STATE COURT OF CHATHAM COUNTY 5/8/2025 11:20AM E-FILED Clerk of Court

**400 W. Oglethorpe Ave., Ste. 127, Savannah, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

| | |
|---|---|
| **COKER & ASSOCIATES OF SC, LLC,** | |
| | STCV25-03589 |
| Plaintiff | **Case Number** |
| **Vs** | |
| **SUMMIT FREIGHT INTERNATIONAL, INC.,; AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS; ARL LOGISTICS, LLC; and WARNESS JENKINS,** | Address of Defendant<br><br>Warness Jenkins<br>1172 W 48th Street<br>Savannah, GA 31405 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: WARNESS JENKINS

Defendant's Address 1172 W 48th Street, Savannah, Georgia 31405

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said

Court and serve upon Plaintiff's Attorney, whose name and address is:

| |
|---|
| Wayne M. Cartwright and Keri M. Martin<br>Hall, Gilligan, Roberts & Shanlever, LLP<br>3340 Peachtree Road NE, Suite 1900<br>Atlanta, Georgia 30326 |

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*CLERK OF COURT*
*State Court of Chatham County*

/s/ Kelliaun Hall

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk



27. Summons 05-08-2025

# *In The State Court of Chatham County*

**Clerk of Court**

**400 W. Oglethorpe Ave., Ste. 127, Savannah, GA 31401**

**www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org**

| | |
|---|---|
| **COKER & ASSOCIATES OF SC, LLC,** | |
| Plaintiff | STCV25-03589 |
| | **Case Number** |
| **Vs** | |
| **SUMMIT FREIGHT INTERNATIONAL, INC.,; AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS; ARL LOGISTICS, LLC; and WARNESS JENKINS,** | Address of Defendant<br><br>Summit Freight International, Inc.<br>c/o Weihong Shu, Registered Agent<br>3213 South Cherokee Lane, Suite 1720<br>Woodstock, Georgia 30188 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Summit Freight International, Inc.

Defendant's Address 3213 South Cherokee Lane, Suite 1720, Woodstock, GA 30188

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Wayne M. Cartwright and Keri M. Martin
> Hall, Gilligan, Roberts & Shanlever, LLP
> 3340 Peachtree Road NE, Suite 1900
> Atlanta, Georgia 30326

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*CLERK OF COURT*
*State Court of Chatham County*

/s/ Kelliaun Hall

Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk

PRINT

27. Summons  05-08-2025

# In The State Court of Chatham County

RECEIVED FOR FILING STATE COURT OF CHATHAM COUNTY 5/8/2025 10:20AM Clerk of Court

### 400 W. Oglethorpe Ave., Ste. 127, Savannah, GA 31401

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| | |
|---|---|
| **COKER & ASSOCIATES OF SC, LLC,** | |
| Plaintiff | STCV25-03589 |
| | **Case Number** |
| **Vs** | |
| **SUMMIT FREIGHT INTERNATIONAL, INC.,; AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS; ARL LOGISTICS, LLC; and WARNESS JENKINS,** | Address of Defendant |
| | American Carrier Transport, LLC d/b/a WCE Trans c/o AA Agents of Process Attn: R. Kelley Minter, Registered Agent 5318 Railroad Avenue Flowery Branch, GA 30542 |
| Defendant | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: American Carrier Transport, LLC d/b/a WCE Trans

Defendant's Address  5318 Railroad Avenue, Flowery Branch, Georgia 30542

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Wayne M. Cartwright and Keri M. Martin
> Hall, Gilligan, Roberts & Shanlever, LLP
> 3340 Peachtree Road NE, Suite 1900
> Atlanta, Georga 30326

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*CLERK OF COURT*
*State Court of Chatham County*

_____
/s/ Kelliaun Hall

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk


PRINT

27.  Summons  05-08-2025

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/14/2025 11:20 AM

- Clerk of Court

### *In The State Court of Chatham County, Georgia*
**400 W. OGLETHORPE AVE., SUITE 127, SAVANNAH, GA 31401**
www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

COKER & ASSOCIATES OF SC, LLC,

_____

_____

_____

                                        Plaintiff

Vs

SUMMIT FREIGHT INTERNATIONAL, INC.;

AMERICAN CARRIER TRANSPORT, LLC d/b/a

WCE TRANS; ARL LOGISTICS, LLC; and

WARNESS JENKINS,

                                        Defendant

Counsel or Party Counsel or Party

STCV25-03589

**Case Number**

## CERTIFICATION  UNDER  RULE  3.2

        Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

        This __14th__ day of __November__, 20 __25__

                                        /s/ Keri M. Martin
                                        _____
                                                Counsel or Party

## OR

        Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____        VS        _____
            Plaintiff                                            Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

                                        _____
                                                Counsel or Party

PRINT

7. Certification under rule 3.2
05-25

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 5:17 PM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

    *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

    *Defendants*.

Civil Action No. STCV25-03589

## **PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

COMES NOW Coker & Associates of SC, LLC, Plaintiff herein, pursuant to O.C.G.A. § 9-11-4(c), and shows this Court that expedited service on Defendant American Carrier Transport, LLC d/b/a WCE TRANS ("Defendant") is necessary and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server, Jason Garmon, attached hereto as Exhibit A.  A Proposed Order for the Court's consideration is provided herewith.

WHEREFORE, Plaintiff moves the Court for an Order appointing Jason Garmon and agents of Ancillary Legal Corporation, each of whom is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

Respectfully submitted this 20th of November, 2025.

                                        */s/ Keri M. Martin*
                                        Wayne M. Cartwright
                                        Georgia Bar No. 257328

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 5:17 PM

- Clerk of Court

wcartwright@hgrslaw.com
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com

**HALL, GILLIGAN, ROBERTS
& SHANLEVER LLP**
3340 Peachtree Road NE, Suite 1900
Atlanta, Georgia 30326
Phone: (404) 442-8776
Facsimile: (404) 537-5555

*Attorneys for Plaintiff*
*Coker & Associates of SC, LLC*

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 5:17 PM

- Clerk of Court

Exhibit A

Affidavit of Jason Garmon

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 5:17 PM
**- Clerk of Court**

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| COKER & ASSOCIATES OF SC, LLC <br><br> Plaintiff, <br><br> vs. <br><br> SUMMIT FREIGHT INTERNATIONAL, INC. et al. <br><br> Defendant. | CIVIL ACTION <br> File No.  STCV25-03589 |

## AFFIDAVIT OF JASON GARMON PROCESS SERVER

STATE OF _GA_
COUNTY OF _HALL_

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Jason Garmon, who after first being duly sworn, states:

1.      My name is Jason Garmon, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Special Appointment of Process Server.

2.      I am a process server for Ancillary Legal Corporation, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

3.       I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

_____
Jason Garmon

Sworn to and subscribed before me
On November 19, 2025
_____
Notary Public
My commission expires: _2/3/2026_

Job Number: 2025019979

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| COKER & ASSOCIATES OF SC, LLC, | |
| *Plaintiff*, | |
| v. | |
| SUMMIT FREIGHT INTERNATIONAL, INC.; AMERICAN CARRIER TRANSPORT, LLC D/B/A WCE TRANS; ARL LOGISTICS, LLC; AND WARNESS JENKINS, | Civil Action No. STCV25-03589 |
| *Defendants*. | |

## ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Jason Garmon and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant American Carrier Transport, LLC d/b/a WCE TRANS with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

SO ORDERED, this _____ day of _____, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019979

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 4:51 PM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

     *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

     *Defendants*.

Civil Action No. STCV25-03589

## <u>PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER</u>

COMES NOW Coker & Associates of SC, LLC, Plaintiff herein, pursuant to O.C.G.A. § 9-11-4(c), and shows this Court that expedited service on Defendant ARL LOGISTICS, LLC ("Defendant") is necessary and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server, Christopher Todd Horton, attached hereto as Exhibit A. A Proposed Order for the Court's consideration is provided herewith.

WHEREFORE, Plaintiff moves the Court for an Order appointing Christopher Todd Horton and agents of Ancillary Legal Corporation, each of whom is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

Respectfully submitted this <u>20th</u> of November, 2025.

                           */s/ Keri M. Martin*
                           Wayne M. Cartwright
                           Georgia Bar No. 257328

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 4:51 PM

- Clerk of Court

wcartwright@hgrslaw.com
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com

**HALL, GILLIGAN, ROBERTS
& SHANLEVER LLP**
3340 Peachtree Road NE, Suite 1900
Atlanta, Georgia 30326
Phone: (404) 442-8776
Facsimile: (404) 537-5555

*Attorneys for Plaintiff*
*Coker & Associates of SC, LLC*

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/20/2025 4:51 PM          - Clerk of Court

Exhibit A

Affidavit of Christopher Todd Horton

RECEIVED FOR FILING; STATE COURT CLERK CHATHAM CO. GA; 11/20/2025 4:51 PM    - Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC

<div style="margin-left:2em">Plaintiff,</div>

vs.

SUMMIT FREIGHT INTERNATIONAL,
INC. et al.

<div style="margin-left:2em">Defendant.</div>

CIVIL ACTION
File No.  STCV25-03589

## AFFIDAVIT OF CHRISTOPHER TODD HORTON PROCESS SERVER

STATE OF _Georgia_
COUNTY OF _Gwinnett_

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Christopher Todd Horton, who after first being duly sworn, states:

1.      My name is Christopher Todd Horton, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Special Appointment of Process Server.

2.      I am a process server for Ancillary Legal Corporation, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

3.      I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

Christopher Todd Horton

Sworn to and subscribed before me
On November 19, 2025

Notary Public
My commission expires:_____

Job Number: 2025019978

Tiffany Horton
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires 5-18-2027

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

    *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

    *Defendants*.

Civil Action No. STCV25-03589

---

### ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Christopher Todd Horton and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant ARL Logistics, LLC with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

SO ORDERED, this _____ day of _____, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019978

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/26/2025 11:38 AM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

     *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

     *Defendants*.

Civil Action No. STCV25-03589

---

### ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

     Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

     IT IS HEREBY ORDERED that Jason Garmon and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant ARL Logistics, LLC with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

     SO ORDERED, this ___26th___ day of ___NOVEMBER___, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019979

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/26/2025 11:38 AM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

     *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

     *Defendants*.

Civil Action No. STCV25-03589

---

### ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Jason Garmon and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant American Carrier Transport, LLC d/b/a WCE TRANS with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

SO ORDERED, this __26th__ day of __NOVEMBER__, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019979

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/2/2025 4:54 PM
- Clerk of Court

### IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

     *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

     *Defendants*.

Civil Action No. STCV25-03589

---

## PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW Coker & Associates of SC, LLC, Plaintiff herein, pursuant to O.C.G.A. § 9-11-4(c), and shows this Court that expedited service on Defendant SUMMIT FREIGHT INTERNATIONAL, INC. ("Defendant") is necessary and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server, Rita Conley, attached hereto as Exhibit A. A Proposed Order for the Court's consideration is provided herewith.

WHEREFORE, Plaintiff moves the Court for an Order appointing Rita Conley and agents of Ancillary Legal Corporation, each of whom is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

Respectfully submitted this 2nd of December, 2025.

*/s/ Keri M. Martin*
Wayne M. Cartwright
Georgia Bar No. 257328

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/2/2025 4:54 PM

- Clerk of Court

wcartwright@hgrslaw.com
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com

**HALL, GILLIGAN, ROBERTS**
**& SHANLEVER LLP**
3340 Peachtree Road NE, Suite 1900
Atlanta, Georgia 30326
Phone: (404) 442-8776
Facsimile: (404) 537-5555

*Attorneys for Plaintiff*
*Coker & Associates of SC, LLC*

EXHIBIT A

AFFIDAVIT OF RITA CONLEY

- Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC

Plaintiff,

vs.

CIVIL ACTION
File No.   STCV25-03589

SUMMIT FREIGHT INTERNATIONAL,
INC. et al.

Defendant.

## AFFIDAVIT OF RITA CONLEY PROCESS SERVER

STATE OF _Georgia_
COUNTY OF _Cobb_

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Rita Conley, who after first being duly sworn, states:

1.       My name is Rita Conley, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Special Appointment of Process Server.

2.       I am a process server for Ancillary Legal Corporation, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

3.       I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

Rita Conley

Sworn to and subscribed before me
On November 19, 2025

Notary Public
My commission expires:

Kenneth Ejomarie
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
My Commission Expires 01/30/2029
My Number: 20230Y9980

Kenneth Ejomarie
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
My Commission Expires 01/30/2029

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

COKER & ASSOCIATES OF SC, LLC,

     *Plaintiff,*

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

     *Defendants.*

Civil Action No. STCV25-03589

**ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER**

     Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

     IT IS HEREBY ORDERED that Rita Conley and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant Summit Freight International, Inc. with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

     SO ORDERED, this _____ day of _____, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019980

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/3/2025 10:29 AM

- Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

COKER & ASSOCIATES OF SC, LLC,

    *Plaintiff*,

v.

SUMMIT FREIGHT INTERNATIONAL,
INC.; AMERICAN CARRIER
TRANSPORT, LLC D/B/A WCE TRANS;
ARL LOGISTICS, LLC; AND WARNESS
JENKINS,

    *Defendants*.

Civil Action No. STCV25-03589

---

### ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

    Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

    IT IS HEREBY ORDERED that Rita Conley and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States, is specially appointed, authorized, and directed to serve process upon Defendant Summit Freight International, Inc. with a copy of the Summons and Complaint and to make and file their proof of service as required by law.

    SO ORDERED, this __3rd__ day of _____DECEMBER_____, 2025.

_____
Derek White, Judge
State Court of Chatham County

Order prepared by:
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Job No: 2025019980

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/9/2025 1:51 PM

- Clerk of Court

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                    **County of Chatham**                    **State Court**

Case Number: STCV25-03589

Plaintiff:
**COKER & ASSOCIATES OF SC, LLC**

vs.

Defendant:
**SUMMIT FREIGHT INTERNATIONAL, INC. et al.**

For:
Keri M. Martin
Hall, Gilligan, Roberts & Shanlever LLP
7402 Hodgson Memorial Dr
Ste 110
Savannah, GA 31406

Received by Ancillary Legal Corporation on the 26th day of November, 2025 at 12:55 pm to be served on **AMERICAN CARRIER TRANSPORT, LLC d/b/a WCE TRANS c/o AA Agents of Process - Registered Agent, 5318 RAILROAD AVENUE, FLOWERY BRANCH, GA 30542**

I, Jason Garmon, being duly sworn, depose and say that on the **1st day of December, 2025** at **9:09 am, I:**

**NON-SERVED** the **Summons, Complaint, 3.2 Certification, Case Initiation Form** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
12/1/2025  9:09 am  Attempted service: AA AGENTS OF PROCESS IS UNKNOWN AT THIS LOCATION.

Address is now Flowery branch Department of Community Development.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ___
day of **DECEMBER** , **2025** by the affiant
who is personally known to me.

**NOTARY PUBLIC**

**Jason Garmon**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2025019979
Ref: 3575-001

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/9/2025 1:51 PM

**- Clerk of Court**

## AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Chatham**                **State Court**

Case Number: STCV25-03589

Plaintiff: **COKER & ASSOCIATES OF SC, LLC**
vs.
Defendant: **SUMMIT FREIGHT INTERNATIONAL, INC. et al.**

For:
Keri M. Martin
Hall, Gilligan, Roberts & Shanlever LLP
7402 Hodgson Memorial Dr
Ste 110
Savannah, GA 31406

Received by Ancillary Legal Corporation on the 19th day of November, 2025 at 1:56 pm to be served on **ARL LOGISTICS, LLC c/o United States Corporation Company - BOC-3 Process Agent, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **1st day of December, 2025** at **12:15 pm, I:**

served **ARL LOGISTICS, LLC c/o United States Corporation Company - BOC-3 Process Agent** by delivering a true copy of the **Summons, Complaint, 3.2 Certification, Case Initiation Form** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
12/1/2025  12:15 pm   Perfected corporate service to Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs, no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 3rd day of December, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2025019978
Ref: 3575-001



Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b