UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| Coker & Associates of SC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Summit Freight International, Inc.; American Carrier Transport, LLC d/b/a WCE Trans; ARL Logistics, LLC; and Warness Jenkins, <br><br> Defendants. | Action No.: 4:25-cv-00324-RSB-CLR |

### DEFENDANTS AMERICAN CARRIER TRANSPORT, LLC D/B/A WCE TRANS AND ARL LOGISTICS LLC's RULE 12(b)(6) MOTION TO DISMISS

In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants American Carrier Transport, LLC d/b/a WCE Trans and ARL Logistics, LLC ("Defendants") respectfully move to dismiss Plaintiff's claims against them for failure to state a claim.

I. SUMMARY

Plaintiff Coker & Associates of SC, LLC's ("Plaintiff") claims arise out of the loss of a textile machine ("machine") during transportation. Plaintiff alleges that Defendant Summit Freight International, Inc. ("Summit") arranged for the over-the-road transport of the machine from Sugar Valley, Georgia, to the Port of Savannah,

HB: 4912-6851-0084.2

Georgia. Plaintiff further alleges that Defendant American Carrier Transport, LLC d/b/a WCE Trans ("WCE") and ARL Logistics, LLC ("ARL"), (collectively, "Defendants") acted together as a "joint-enterprise motor carrier." Plaintiff contends that Defendants assigned Defendant Warness Jenkins ("Jenkins") to operate a tractor-trailer, which overturned before delivery and caused irreparable damage to the machine. Based on these allegations, Plaintiff asserts the following causes of action: breach of contract against Summit ("Count I"); breach of contract of carriage against Defendants ("Count II"); negligent operation of a commercial vehicle against Jenkins and Defendants ("Count III"); negligence per se against Jenkins and Defendants ("Count IV"); breach of bailment duties against Defendants ("Count V"); "failure to exercise extraordinary diligence as a common carrier" against Defendants ("Count VI"); negligent hiring, retention, training, supervision, and entrustment against Defendants ("Count VII"); and attorneys' fees ("Count VIII").

Each of the claims against Defendants should be dismissed for failure to state a claim under Rule 12(b)(6). Counts II through VIII ("State Law Claims") fail because such claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. As more than a century of case law teaches, Carmack provides the exclusive remedy for damage to freight transported in interstate—or, as in this case, international—commerce. Plaintiff's State Law Claims seek compensation based on the alleged damage to the machine as it was being transported from Georgia to India,

thus triggering Carmack preemption. Counts III through VIII are also preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501 *et seq*. The statute and relevant case law instruct that the FAAAA preempts all state-law claims, except for breach-of-contract claims, brought against motor carriers, brokers, or freight forwarders relating to the price, route, or service of the transportation of property. 49 U.S.C. § 14501(c)(1). As explained below, Counts III through VIII of Plaintiff's complaint fall squarely within FAAAA's preemptive sweep.

## II.     RELEVANT ALLEGATIONS OF THE COMPLAINT

The relevant allegations of Plaintiff's complaint reveal that its claims are preempted by the Carmack Amendment and/or FAAAA. Specifically, Plaintiff alleges that on or about August 22, 2024, it contracted with Summit to arrange for the "over-the-road transportation of [the machine] from Sugar Valley, Georgia, to the Port of Savannah." Compl. ¶ 10. Summit then selected Defendants "to perform the transportation within Georgia." *Id*. ¶11. Plaintiff further alleges that Defendants are motor carriers and that Jenkins acted as a driver for Defendants while transporting the machine. *Id*. ¶¶12–14; 20. Plaintiff claims that on or about September 3, 2024, Jenkins lost control of the vehicle and caused "catastrophic damage," that was "determined to be a total loss." *Id*. ¶26–30.

Although not specifically alleged in the complaint, the machine was being transported from Georgia to its final destination in India. As explained below, although Plaintiff fails to allege that the final destination of the goods was India, the Court may consider extrinsic evidence to reach this conclusion.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion should be granted if a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff "must plead enough facts to state a claim for relief that is plausible on its face." *Edmundson v. City of Atlanta by & through Turner*, 717 F. App'x 977, 978 (11th Cir. 2018) (citing *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). Conclusory statements that are mere "naked assertions devoid of further factual enhancement" should not be accepted by this Court. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (citation modified).

A court generally considers only the four corners of a complaint when considering a motion to dismiss. *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337) (11th Cir. 2002). But certain extrinsic documents may be considered if they are "central to the plaintiff's claim," and their "authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) ("Accordingly, when resolving a motion to

dismiss . . . a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged."); *see also Nelson v. State Farm Fire & Cas. Co.*, No. 4:25-CV-99, 2025 WL 3015797, at *3 (S.D. Ga. Oct. 28, 2025). A document is central to the plaintiff's claim if it is a "necessary part of a plaintiff's efforts to make out a claim." *Kalpakchian v. Bank of America Corp.*, 832 Fed.Appx. 579, 783 (citation modified); *see also GoPlus Corp. v. Crown Equip. Corp.*, 533 F.Supp.3d 1344, 1353 (S.D. Ga. 2021). Furthermore, when a document reveals facts that contradict an allegation of a complaint, the document governs. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Dismissal is appropriate when these revealed facts "'foreclose recovery as a matter of law.'" *Id.* (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

## IV. PLAINTIFF'S STATE LAW CLAIMS ARE WHOLLY PREEMPTED BY THE CARMACK AMENDMENT

### A. The Shipment at Issue was an International Shipment Governed by the Carmack Amendment

The Carmack Amendment applies to motor carriers "providing transportation or service subject to the jurisdiction [of 49 U.S.C. § 13501]." 49 U.S.C. § 14706(a)(1). Plaintiff's State Law Claims are subject to the jurisdiction of 49 U.S.C. § 13501 because motor carriers transporting property "between a place in the

5

United States and a place in a foreign country" are explicitly within the scope of 49 U.S.C. § 13501(1)(E). This applies to domestic legs of international shipments, even if that domestic leg is entirely intrastate. *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697, 699 (11th Cir. 1986); *see also Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.*, 213 F.3d 1118, 1119–20 (9th Cir. 2000). Likewise, even if a shipment never leaves the United States, if the intended final destination of the shipment is a foreign country, the Carmack Amendment applies. *Project Hope v. M/V. IBN SINA*, 250 F.3d 67, 74 (2d Cir. 2002) (quoting *Swift*, 799 F.2d at 699).

While the Carmack Amendment applies to international shipments, Plaintiff does not allege the machine's international final destination in its Complaint. Plaintiff alleges only that Defendants issued a Straight Bill of Lading that identified Sugar Valley, Georgia, as the origin and Savannah Port as the consignee and destination. Compl. ¶ 20. Nevertheless, this Court may consider extrinsic evidence that establishes the machine's final destination and determines the Carmack Amendment's applicability to this case. When ruling on a motion to dismiss, extrinsic evidence may be considered if it is "central to the plaintiff's claim," and its "authenticity is not challenged." *Johnson*, 107 F.4th at 1300. A document is central to the plaintiff's claim if it is a "necessary part of a plaintiff's efforts to make out a claim." *Kalpakchian*, 832 Fed.Appx. at 783 (citation modified); *see also GoPlus Corp.*, 533 F.Supp.3d at 1353.

Here, Plaintiff's complaint expressly references its submission of a cargo claim and "supporting documentation" to Defendants following the September 3, 2024 loss. *See* Compl. ¶ 32. This supporting documentation, submitted by Plaintiff via email on September 16, 2024, included (1) a pro forma invoice from Coker & Associates of SC, LLC to its customer in India, identifying the machine as a Van de Wiele Face to Face Carpet Machine, specifying a sale price of $105,000, and listing the final destination as "CNF Mundra final destination ICD Jhatipur," with the buyer's address in Panipat, Haryana, India; (2) a standard form cargo claim stating a total claim amount of $111,113.19 and referencing both the loss of the machine and additional expenses; (3) a series of receipts and invoices for travel, hotel, and technical labor expenses incurred by a representative who traveled from India to the United States to inspect the damaged machine; and (4) other documents allegedly supporting the claim. *See* **Exhibit 1**, Declaration of Erica Gomez ("Gomez Dedcl.") and Exhibit A thereto. These materials collectively purport to establish critical facts alleged in the complaint: the value of the machine (*see* Compl. ¶¶ 9, 31, 56, 64, 73, 81, 88, 96, 98), the tender and acceptance of the machine in good order (*see id.* ¶¶ 1, 21, 53, 76, 78, 80, 84, 99(a)), the claimed damages and pre-suit demand (*see id.* ¶¶ 32, 98–99, 101), and, most significantly, that the intended and contracted final destination of the shipment was India, not merely the Port of Savannah (*see id.* ¶¶ 20, 51, 83). Thus, the supporting documentation not only corroborates the

allegations of the complaint but also demonstrates that the domestic transportation at issue was part of a continuous international shipment to a foreign country. This is central to Plaintiff's claim and directly informs the applicability of the Carmack Amendment, as discussed below.

Once incorporated, a document that contradicts an allegation of a complaint governs and dismissal is appropriate if it further reveals facts that "'foreclose recovery as a matter of law.'" *Griffin*, 496 F.3d at 1206 (quoting *Associated Builders*, 505 F.2d at 100). A court "need not ignore the facts in [an incorporated document] in favor of [Plaintiff]." *Eckart v. Allstate Northbrook Indemnity. Co.,* No. 23-10753, 2023 WL 8651035, at *4 (11th Cir. Dec. 14, 2023); *see also Griffin*, 496 F.3d at 1207. Thus, it is appropriate for this Court to consider Plaintiff's "supporting documentation" for all purposes, including the machine's final destination.

As noted earlier, Plaintiff's cargo claim was sent via email and contained various documents. One of the five support documents was an invoice that revealed the alleged value of the machine as $105,000, the machine's final destination as Mundra, India, and the invoiced address of the machine as Panipat, Haryana, India. *See* Gomez Decl., Exhibit A. Therefore, the machine's final destination was in a foreign country. As noted above, the Carmack Amendment applies to the domestic segments of international shipments. Although the machine only traveled from Sugar

Valley, Georgia, to the Port of Savannah before it was damaged, this leg was part of a larger international shipment destined for Mundra, India.

The same was true in *Swift*. In that case, the plaintiff contracted to purchase a textile machine from a Swiss company. *Swift*, 799 F.2d at 698. The textile machine was ultimately harmed on an intrastate leg from Savannah, Georgia, to LaGrange, Georgia, where it was issued a separate bill of lading. *Id.* Yet the court in *Swift* concluded that the Carmack Amendment explicitly applied to international shipments under its jurisdiction and that the intent of the shipment, rather than the singular bill of lading for an intrastate leg, was the proper consideration regarding Carmack Amendment applicability. *Id.* at 700 ("Applying the 'intent' analysis, the fact that [defendant] issued a separate bill of lading for the final intrastate leg of the journey is not significant . . . [because] the shipment was a 'continuation of foreign commerce,' [and] the Carmack Amendment applied to the shipment."); s*ee also Project Hope*, 250 F.3d at 74. Comparably to *Swift*, while the Straight Bill of Lading identified Savannah Port as consignee and destination, Compl. ¶ 20, the machine's invoice shows that the intended destination of the machine's shipment was to a foreign country and not the Port of Savannah.[1] Because the machine was intended for a foreign country, the Carmack Amendment applies.

---

[1] Even without expressly considering Plaintiff's supporting documentation, the intent analysis would still reveal that the machine's final destination could not have

### B. Plaintiff's State Law Claims are Preempted by the Carmack Amendment and Fail to State a Claim

As the machine's transportation was an international shipment under the jurisdiction of the Carmack Amendment, the State Law Claims are preempted by the Carmack Amendment. 49 U.S.C. § 14706(a)(1); 49 U.S.C. § 13501(1)(E); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002). As a result, the State Law Claims against Defendants should be dismissed for failure to state a claim.

The Carmack Amendment preempts "state law claims arising from failures in the transportation and delivery of goods." *Smith*, 296 F.3d at 1246. This preemption is broad and "embraces 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.'" *Skanes v. FedEx*, 734 Fed.Appx. 671, 673 (11th Cir. 2018) (quoting *Georgia, F. &A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)). The State Law Claims are based on state law and stem from Defendants' alleged failure to transport and deliver the machine to the Port of Savannah in good order and condition. Compl. ¶¶ 26–30. Thus, the State Law Claims are preempted by the Carmack Amendment. *Smith*, 296 F.3d at 1246.

Furthermore, Plaintiff's claim for attorney's fees under O.C.G.A. § 13-6-11, Count VIII, are likewise preempted by the Carmack Amendment. *Polygram Grp. Distribution, Inc. v. Transus, Inc.*, 990 F.Supp. 1454, 1460 (N.D. Ga. 1997) (finding

---

been the Port of Savannah, as the Port is merely a thoroughfare hub and not a likely consignee or buyer of a textile machine.

that "attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 are not recoverable under the Carmack Amendment."). Plaintiff claims it is entitled to recover the expenses of this litigation due to Defendants' "stubborn litigiousness" prior to the filing of the Complaint. Compl. ¶¶ 99, 101. But the 11th Circuit holds that "separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment." *UPS Supply Chain Solutions, Inc. v. Megatrux Transp. Inc.*, 750 F.3d 1282, 1289 (11th Cir. 2014) (holding that attorney fees are generally preempted by the Carmack Amendment while distinguishing attorneys' fees as a matter of contract-based indemnity claims). Here, Plaintiff claims that it incurred attorney's fees, having "repeatedly demanded payment of the value of the destroyed textile machine." Compl. ¶ 98. But Plaintiff's claim for attorneys' fees exists only because it is making a claim for damage to the machine during its international transportation; as a result, Plaintiff's fee claim is inextricably linked to its cargo claim and is necessarily preempted by the Carmack Amendment. *Andrews v. Atlas Van Lines*, 504 F.Supp.2d 1329, 1331 (N.D. Ga. 2007) (holding that attorneys' fees are preempted because they derive exclusively from the preempted Carmack Amendment claim).

Therefore, all of Plaintiff's claims against Defendants (Counts II through VIII) are preempted by the Carmack Amendment. *Hubbard v. All States Relocation Services, Inc.*, 114 F.Supp.2d 1374, 1379 (S.D. Ga. 2000) ("Therefore, the Carmack

Amendment preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments.") (citation modified). As Plaintiff's State Law Claims are preempted by the Carmack Amendment, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the State Law Claims should be dismissed.

## V. ADDITIONALLY, MOST OF PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE FAAAA

Motor carriers, brokers, and freight forwarders are subject to the FAAAA and, with limited exceptions, the FAAAA broadly preempts state law claims that relate to a motor carrier's price, route, or service with respect to the transportation of property. 49 U.S.C. § 14501(c)(1). Plaintiff claims Defendants are motor carriers. Compl. ¶¶ 12–13. As a result, FAAAA preemption applies to Counts III through Counts VIII and should likewise be dismissed.

Congress enacted the FAAAA in an effort to avoid "a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 372 (2008). The preemption provision of the FAAAA provides that "a State . . . may not enact or enforce a law . . . related to a price, route, or service of any motor carrier . . . broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). A state law is "related to" the rates, routes, or services of a broker,

motor carrier, or freight forwarder if the law has a "connection with, or reference to" those rates, routes, or services. *See id.* at 370 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). Such preemption occurs even if a state law's effect on the rates, routes, or services is indirect as long as that effect is not too "tenuous, remote, or peripheral." *Id.* at 370–71 (quoting *Morales*, 504 U.S. at 390).

The relevant case law teaches that the FAAAA preempts all state-law claims, except for breach-of-contract claims, brought against motor carriers like Defendants. *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F.Supp. 665, 672–73 (N.D. Ga. 1997) (finding that the FAAAA preempts plaintiff's claims for common law fraud, statutory fraud, negligence, gross negligence, unjust enrichment, the imposition of a constructive trust, as well as claims for punitive damages and injunctive relief); *Gauthier v. Hard to Stop LLC*, 2022 WL 344557, at *7–8 (S.D. Ga. Feb. 4, 2022) (finding that FAAAA preempts plaintiff's negligent hiring as well as any punitive damages and attorneys' fees as both are only derivative claims to plaintiff's negligent hiring claim).

Count III through Count VIII directly relate to Defendants' services as motor carriers and the transportation of the machine to the Port of Savannah. Compl. ¶¶ 26–30. Accordingly, FAAAA preempts these state law claims and Counts III through Counts VIII against Defendants should therefore be dismissed.

## VI. CONCLUSION

Based on the foregoing, the Court should dismiss Plaintiff's State Law Claims against Defendants. All of Plaintiff's State Law Claims against Defendants, Counts II through VIII, are preempted by the Carmack Amendment, and Counts III through VIII are likewise preempted by the FAAAA. Therefore, Plaintiff's State Law Claims fail to state a claim upon which relief may be granted and should be dismissed.

Dated:  January 6, 2026

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jonathan A. Porter*
Jonathan A. Porter
Georgia Bar No. 725457
1801 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
Tel. 202.378.5356
Fax 202.378.2319

Aaron C. Schepler (*pro hac vice forthcoming*)
2415 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4288
Tel. 480.824.7890
Fax 480.824.7905

*Attorneys for American Carrier Transport, LLC d/b/a WCE Trans* and *ARL LOGISTICS, LLC*

HB: 4912-6851-0084.2